

CHAIKIN
SHERMAN
CAMMARATA
SIEGEL P.C.

Attorneys at Law

Ira Sherman *+o
Joseph Cammarata *+▲o
Allan M. Siegel *+▲

Matthew W. Tievsky *+▲
Daniel B. Hausman *
Stephen P. Ollar +#

Silverio Coy, Of Counsel *
Aseged Yimer, Of Counsel *+o
Donald J. Chaikin (1933-2009)

* D.C. Bar   + Maryland Bar   ▲ Virginia Bar   o New York Bar
# D.C. App. R. 46 application for admission to D.C. Bar pending

April 26, 2019

**BY CM/ECF**
Hon. Paul W. Grimm
United States District Judge
6500 Cherrywood Lane
Greenbelt, MD 20770

    **Re: Adam Trubee v. Potomac Electric Power Company,** Case No. 8:18-cv-02288-PWG

Dear Judge Grimm,

    We represent Plaintiff Adam Trubee ("Trubee") in the above-referenced action. In accordance with the Court's Letter Order Regarding the Filing of Motions (ECF No. 6), we respectfully submit this letter to request a pre-motion conference in connection with Plaintiff's anticipated consent motion to modify the Scheduling Order.

    **A. Brief Description of Motion**
    Plaintiff seeks to file a consent motion to modify the Scheduling Order. The discovery deadline for Phase 1 liability will remain as August 13, 2019. However, we seek to extend the deadlines thirty (30) days for Plaintiff's Rule 26(a)(2) expert disclosure (to June 6, 2019), Defendant's Rule 26(a)(2) expert disclosure (to July 4, 2019), and Plaintiff's rebuttal Rule 26(a)(2) expert disclosure (to July 18, 2019). No other modifications are sought.

    **B. Factual Support**
    On February, 28, 2019, this Court entered an Order modifying the Scheduling Order upon consideration of the parties' Joint Motion to Modify the Scheduling Order, which set the discovery deadline for Phase 1 liability to be August 13, 2019. The Scheduling Order also set, among other deadlines, the deadline for Plaintiff's Rule 26(a)(2) expert disclosure to be May 7, 2019, Defendant's Rule 26(a)(2) expert disclosure to be June 4, 2019, and Plaintiff's rebuttal Rule 26(a)(2) expert disclosure to be June 18, 2019. We do note the February, 28, 2019 Order stated, "No Further Extensions." We respectfully urge the Court to reconsider its prohibition on further modifications of the Scheduling Order given Plaintiff's diligence in prosecuting this case, the prejudice to Plaintiff by not having a further modification, and the fact that the modification sought will not delay the proceedings in the case.

    Plaintiff has diligently engaged in discovery throughout the pendency of the above-referenced action. Plaintiff has responded to Interrogatories and Requests for Production of Documents. However, Defendant has identified, but has yet to produce, all discoverable documents, including the entire project file for the Defendant's job site at issue. Plaintiff must complete essential fact depositions and the Defendant's deposition and obtain complete



documents from Defendant before a meaningful expert report can be provided. Despite Plaintiff's diligence, as detailed below, Plaintiff has not been able to take the depositions of Defendant, Defendant's employee Joe Plumber, and Defendant's employee Stephen Jeu. Plaintiff has taken the deposition of Greg Leizear, the Defendant's field agent for the job site at issue, and Plaintiff will take the deposition of Plaintiff's employer, Riggs Distler & Company, Inc. on May 1, 2019. The timeline the parties have agreed upon for Defendant's production of documents and the depositions of Defendant, Plumber, and Jeu (which have been delayed through no fault of Plaintiff) does not leave enough time, under the present Scheduling Order deadlines, for Plaintiff's expert to adequately analyze the documents and depositions which he plans on relying upon to form the basis of his expert opinions. As such, Plaintiff will be prejudiced if the deadline for Plaintiff's Rule 26(a)(2) expert disclosure is not extended.

Actions related to Plaintiff's efforts to obtain discovery are as follows:
- January 4, 2019 and January 19, 2019 – Plaintiff requested deposition dates in January and February for Defendant and fact witnesses, including Greg Leizear.
- January 23, 2019 – Defendant responded to plaintiff's request for production of documents
- February 22, 2019 – Defendant represented that it would make Defendant's agent Greg Leizear available for deposition
- February 26, 2019 – Plaintiff sent Defendant a draft of areas of testimony for Defendant's 30(b)(6) witness and again requested deposition dates.
- March 8, 2019 – Plaintiff again requested deposition dates for Defendant's 30(b)(6) witness and Greg Leizear, and requested a deposition date for Defendant's employee Joe Plumber.
- March 11, 2019 – Plaintiff again requested availability on dates certain for the depositions of Greg Leizear, Joe Plumber, and Defendant's 30(b)(6) witness.
- March 18, 2019 – After consulting with Defendant, Plaintiff noticed the depositions of Greg Leizear and Joe Plumber for April 9, 2019.
- March 20, 2019 – Plaintiff requested a conference regarding Defendant's 30(b)(6) witness.
- March 25, 2019 – Plaintiff again requested deposition dates for Defendant's 30(b)(6) witness.
- March 27, 2019 - Plaintiff again requested deposition dates for Defendant's 30(b)(6) witness.
- April 1, 2019 - After consulting with Defendant, Plaintiff noticed the deposition of Defendant's 30(b)(6) witness for April 23, 2019. Defendant notified Plaintiff that Joe Plumber's father passed away and requested to postpone his April 9, 2019 deposition.
- April 2, 2019 – Plaintiff re-noticed the deposition of Joe Plumber, changing it from April 9, 2019 to April 22, 2019.
- April 5, 2019 and April 7, 2019 – Plaintiff sent Defendant a first and second discovery deficiency letter regarding Defendant's document production.



- April 9, 2019 – The deposition of Greg Leizear took place at which time Plaintiff learned information concerning the involvement of Stephen Jeu, Defendant's employee, on the job site at issue. Plaintiff requested a deposition date for Stephen Jeu.
- April 10, 2019 – Plaintiff sent Defendant a third discovery deficiency letter regarding document production based on information learned during the deposition of Greg Leizear.
- April 16, 2019 – Defendant informed Plaintiff that (a) Defendant's 30(b)(6) witness is Stephen Jeu, (b) of the existence of the project file that has yet to be produced, and (c) it expects to respond to discovery deficiency requests and produce documents, including the project file, by April 18, 2019. After consulting with Defendant, Plaintiff noticed the deposition of Stephen Jeu for April 23, 2019.
- April 18, 2019 - Defendant informed Plaintiff that the project file will likely not be produced prior to the April 23, 2019 depositions, but could be produced at the depositions. In light of the failure to produce the documents, Defendant requested to postpone its 30(b)(6) witness and Stephen Jeu depositions to May 2, 2019. Defendant also informed Plaintiff that Joe Plumber is on bereavement leave and requested his deposition scheduled for April 22, 2019, be delayed to a later date. Plaintiff agreed and re-noticed the 30(b)(6) witness, Jeu, and Plumber depositions, changing them from April 22, 2019 and April 23, 2019 to May 2, 2019.
- To this date, the identified and discoverable documents, including the project file, have not been produced to Plaintiff.

**C. Legal Support**

Under Federal Rule of Civil Procedure 16(b)(4), "a schedule may be modified only for good cause and with the judge's consent." Here, the Plaintiff seeks to modify the Scheduling Order to extend the 26(a)(2) deadlines, with Defendant's consent, in order to prevent prejudice to Plaintiff, as described above. Despite the diligence of the Plaintiff, Plaintiff cannot reasonably and meaningfully meet the 26(a)(2) deadline because discovery that informs the expert report will not be completed with enough time for Plaintiff's expert to review that discovery prior to writing his 26(a)(2) report, at no fault of the Plaintiff. Good cause exists to modify the Scheduling Order, and we respectfully request the Court look favorably upon this request.

Respectfully,

*/s/* Daniel B. Hausman
Daniel B. Hausman, Esq.
Chaikin, Sherman, Cammarata & Siegel, P.C.
1232 17th Street, NW
Washington, D.C. 20036