

Ira Sherman *+o  Matthew W. Tievsky *+∆  Silverio Coy, Of Counsel *
Joseph Cammarata *+∆o  Daniel B. Hausman *∆  Aseged Yimer, Of Counsel *+o
Allan M. Siegel *+∆  Stephen P. Ollar *+  Donald J. Chaikin (1933-2009)

\* D.C. Bar  + Maryland Bar  ∆ Virginia Bar  o New York Bar
\# D.C. App. R. 46 application for admission to D.C. Bar pending

June 4, 2019

**BY CM/ECF**
Hon. Paul W. Grimm
United States District Judge
6500 Cherrywood Lane
Greenbelt, MD 20770

**Re: Adam Trubee v. Potomac Electric Power Company,** Case No. 8:18-cv-02288-PWG

Dear Judge Grimm,

We write on behalf of the parties in the above-referenced action, Plaintiff Adam Trubee and Defendant Potomac Electric Power Company ("PEPCO") pursuant to this Court's May 31, 2019 Letter Order. (ECF# 37.)

**A. Progress the parties have made in discovery to date**

The parties have focused on discovery related to issues of liability in this action because discovery was bifurcated. The parties have taken depositions, served and answered interrogatories, served and responded to requests for the production of documents, and acquired information and documents from third parties.[1]

The parties have deposed six individuals in this action to date:

- On April 9, 2019, Plaintiff deposed third-party Gregory Leizear, who was involved on behalf of Defendant in the project at issue and present at the jobsite at issue.

- On May 1, 2019, Plaintiff deposed third-party Riggs Distler Company, Inc. ("Riggs Distler"), through its designee Craig Zemaitatis. Riggs Distler employed Plaintiff at the time of the incident at issue and was a contractor working on the project at issue on behalf of Defendant.

- On May 7, 2019, Plaintiff deposed Defendant, through its designee Stephen Jeu and deposed Stephen Jeu individually. Stephen Jeu was Defendant's construction supervisor for the project at issue.

---

[1] Discussion of the documents sought and obtained from third parties is discussed in section C of this letter.

- On May 16, 2019, Defendant deposed Plaintiff. Plaintiff was incarcerated in a prison in Ohio at the time of the deposition.

- On May 20, 2019, Plaintiff deposed Joe Plummer. Joe Plummer was a safety coordinator for Defendant at the time of the incident at issue and was involved with the investigation of the incident at issue.

- On May 29, 2019, Plaintiff deposed third-party Stephen Krueger. Stephen Krueger was employed as a foreman for Riggs Distler at the time of the incident, had a role in supervising Plaintiff, and was present at the jobsite at issue, including at the time of the incident at issue.

On June 29, 2018, Plaintiff served interrogatories and a request for production of documents on Defendant with his summons and Complaint in the Circuit Court for Prince George's County, Maryland. On July 27, 2018, Defendant filed its Motion to Dismiss and removed this matter to United States District Court. On November 19, 2018, the Court and Parties participated in the Rule 16 Scheduling Conference in this matter. On December 4, 2018, Defendant served interrogatories and a request for production of documents on Plaintiff.

On January 23, 2019, Defendant responded to Plaintiff's discovery requests pursuant to agreement with Plaintiff. On January 24, 2019, Plaintiff responded to Defendant's discovery requests pursuant to agreement with Defendant. Plaintiff made requests for supplementation of Defendant's discovery responses on April 5, 2019, April 7, 2019, April 10, 2019, May 10, 2019, and May 21, 2019. On April 30, 2019, and on May 6, 2019, Defendant supplemented its document production; one thousand two hundred and fourteen (1,214) pages of documents had been produced by Defendant as of May 6, 2019. On May 6, 2019, Defendant served supplemental answers to interrogatories on Plaintiff. On May 13, 2019, Plaintiff supplemented his document production. On June 4, 2018 Defendant again supplemented its production with four hundred and seventy (470) pages of documents identified during the deposition of its Corporate Representative.

Plaintiff gathered information related to the liability issues in this action through oral interviews and email communications. Plaintiff engaged in ongoing discussions with counsel for Riggs Distler beginning on February 1, 2019. Through the course of these discussions, Plaintiff learned about the identities of people with personal knowledge related to the incident at issue, about the project and jobsite at issue, and about documents related to the incident at issue. Counsel for Riggs Distler provided Plaintiff with contact information of nine individuals who were employed by Riggs Distler at the time of the incident who may have personal knowledge about the incident at issue. Plaintiff has interviewed some of these individuals regarding the incident at issue and is continuing to make efforts to interview the remainder of individuals who have not yet been responsive to Plaintiff.

### B. Why Defendant is in the process of identifying and producing discoverable documents

Through his written discovery demands as well as in connection with his corporate representative deposition of PEPCO, Plaintiff has requested documents relating to the incident in question, the project in question (which was a year-long, multi-state aerial distribution project in the PEPCO and Atlantic City Electric territories), PEPCO's safety rules and guidelines, and Pepco's contractual relationship with Riggs Distler.

Between the date of the incident in question and the present, PEPCO was acquired by Exelon and, during the course of its merger, underwent a reorganization of its document, file, and email management systems. As a result, documents relating to the incident in question were not immediately recoverable and their recovery necessitated the substantial involvement of PEPCO's internal Information Technology division in coordination with undersigned counsel as well as PEPCO's claims and legal departments. Furthermore, during the course of depositions in this matter, it has come to the parties' attention that some of the documents produced after the initial searches were in fact incomplete or inapplicable to the project in question. Consequently, additional documents needed to be identified and located. Most recently, on June 4, 2019, Pepco produced to Plaintiff an additional 470 pages of documents identified during the deposition of PEPCO's corporate representative.

### C. Documents the parties have sought from third parties and the steps the parties have taken to obtain those documents

Plaintiff issued a subpoena to Gregory Leizear on March 19, 2019, commanding Gregory Leizear to produce documents related to the incident at issue. On April 8, 2019, Gregory Leizear failed to produce the documents as directed by the subpoena, however he later testified that he has no documents responsive to the subpoena.

Plaintiff requested specific documents related to the incident at issue from counsel for Riggs Distler on March 13, 2019. Counsel for Riggs Distler provided documents responsive to Plaintiff's request to both parties on April 2, 2019. On May 10, 2019, Plaintiff requested additional documents from counsel for Riggs Distler that were identified during the deposition of Riggs Distler. On May 20, 2019, counsel for Riggs Distler provided documents responsive to Plaintiff's request to both parties.

Defendant issued a subpoena to APC Workforce Solutions, LLC ("APC"), a staffing agency which employed Gregory Leizear, on May 1, 2019, which commanding APC to produce documents related to the employment of Gregory Leizear. APC produced some documents responsive to the subpoena to Defendant PEPCO on May 20, 2019, and PEPCO produced those documents, an additional 155 pages, to Plaintiff on June 4, 2019. Counsel for PEPCO is working to ascertain what additional documents relating to Mr. Leizear's employment with APC exist and have requested further production of any relevant documents.

On December 4, 2018, Defendant requested authorizations from Plaintiff to access third-party documents. Plaintiff complied with the request and provided the authorizations to acquire records from medical providers and other third-parties such as the Maryland Worker's Compensation Commission.[2] Those third-parties have complied with the authorizations and produced documents to Defendant, who then produced the documents to Plaintiff.

Although not specifically requested in this letter, the parties thought it prudent to update the Court on Plaintiff's anticipated motion to amend the complaint. First, Plaintiff indicated it may need to amend the complaint to add additional parties. The parties are attempting to eliminate the need to do so through a stipulation, which would state that Gregory Leizear was an employee of PEPCO acting within the course and scope of his employment at all relevant times. What remains to do is for Plaintiff to move this Court to modify the scheduling order and for leave to file a second amended complaint that adds back in the Negligent Hiring/Training/Supervision claims because the testimony of Gregory Leizear on April 9, 2019, and the testimony of PEPCO and Stephen Jeu on May 7, 2019 provide a reasonable basis for Plaintiff to assert such claims. Defendant consents to the modification of the Scheduling Order and to the amendment of the complaint.

We appreciate this Court agreeing to hold a telephone conference with the parties on June 5, 2019, and hope that this letter is a useful tool for preparation for the conference.

Respectfully submitted,

/s/ Daniel B. Hausman
Daniel B. Hausman, Esq.
Chaikin, Sherman, Cammarata & Siegel, P.C.
1232 17th Street, NW
Washington, D.C. 20036
*Counsel for Plaintiff Adam Trubee*

/s/ J. Christopher Nosher
J. Christopher Nosher, Esq.
Bonner Kiernan Trebach & Crociata
One Park Place, Suite 265
Annapolis, MD 21401
*Counsel for Defendant Potomac Electric Power Company*

---

[2] Defendant has requested and, as of the date of this correspondence, received records from the following entities: Ohio Bureau of Workers' Compensation; Maryland Workers' Compensation Commission; North Central Ohio Correctional Complex; Ohio Central School System; Ohio Department of Rehabilitation and Correction- Bureau of Behavioral Health Services; Ohio Department of Rehabilitation and Correction- Bureau of Medical Services; Stephen Albrechta, M.D.; Ballas Egg; Beauty Enhancement Center of Ohio; The Center for Occupational and Environmental Neurology; Cleveland Clinic Marymount Hospital; Examworks, Inc.; Express Scripts, Inc.; Genesis Hospital; Greater Chesapeake Hand Specialists; Kroger Pharmacy; Marion Family Dental, MedStar Physician Group, LLC; MIPA; Marion Area Physical Therapy; L.E. Meyers; North Central Correctional Complex; Northern Lights Imaging; OhioHealth Marion General Hospital; One Call Medical, Inc.; OSU Emergency Medicine, LLC; OSU Eye Physicians & Surgeons; OSU Health System Anesthesia; OSU Internal Medicine, LLC; OSU Neuropsychiatric Services; OSU Orthopedic Physician Services; OSU Physical Medicine; OSU Psychiatry, LLC; OCU Sports Medicine Center; OSU Surgery, LLC; Physical Therapy at Ohio State; Prince George's County Fire/EMS; The Ohio State University Waxner Medical Center; MedStar Washington Hospital Center; WHC Physicians Group, LLC; MedStar Health Physicians Billing; Wyandot Memorial Hospital.