IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

**ADAM TRUBEE**

  Plaintiff,

v.            Case No. GJH 18-2288

**POTOMAC ELECTRIC POWER COMPANY**

  Defendant.

**SECOND AMENDED COMPLAINT**

COMES NOW the Plaintiff, Adam Trubee, by and through his attorneys, Joseph Cammarata, Esquire, and the law firm of Chaikin, Sherman, Cammarata, & Siegel, P.C., and respectfully represents as follows:

**COUNT I**
(Negligence - Personal Injury)

1. This Court has jurisdiction over the within cause of action in that the incident complained of herein occurred in Prince George's County, Maryland.

2. Upon information and belief, at all relevant times herein, Potomac Electric Power Company, (hereinafter "PEPCO"), <u>inter alia</u>, was engaged in the business of providing electric service throughout Prince George's County, Maryland. Defendant PEPCO provided this service through, among other methods, the use of powerlines and voltage sites located throughout Prince George's County, Maryland.

3. On or about June 14, 2016, Plaintiff Adam Trubee was lawfully and properly present and working for Riggs Construction as an apprentice lineman at a roadside worksite in the 10700 block of Baltimore Avenue, at or near its intersection with Southard Drive, in Prince George's County, Maryland. Defendant PEPCO owned, operated, and/or maintained powerlines and voltage sites located at said worksite.

4. At said time and place, Plaintiff Adam Trubee, with all due regard for his own safety, was lawfully and properly digging into the ground with a jackhammer to lay new powerlines at said worksite. At all relevant times, Plaintiff was under the direction and supervision of agents, servants, and/or employees of Defendant PEPCO, and thus, Plaintiff maintained a special relationship with such persons.

5. At said time and place, Plaintiff Adam Trubee was instructed by an agent, servant, and/or employee of Defendant PEPCO to dig with a jackhammer in a specific area that was near a voltage site, which proximity was unknown to Plaintiff, when the jackhammer struck a high voltage line causing Plaintiff Adam Trubee to suffer a severe electrocution.

6. At all times mentioned herein, Defendant PEPCO, acting by and through its actual and/or apparent agents, servants, and/or employees, knew or should have known of the presence of the high voltage line; and furthermore, owed a

continuing duty to provide proper instructions to the Riggs Construction employees, including Plaintiff, as to where to safely dig to avoid striking powerlines and/or voltage sites, with due regard for the safety and well-being of persons lawfully and reasonably present at the location of said worksite, such as Plaintiff.

7. Defendant PEPCO, acting by and through its agents, servants, and/or employees, breached the duties owed to the Plaintiff, Adam Trubee, by, _inter alia_, failing to provide proper instructions to construction workers, such as Plaintiff, as to where to safely dig to avoid striking powerlines and/or voltage sites; and failing to identify, prevent, and/or warn of dangerous conditions, such as powerlines and/or voltage sites. At all times mentioned herein, Plaintiff Adam Trubee was free of negligence and/or contributory negligence.

8. As a direct and proximate result of the Defendant's aforesaid negligence, Plaintiff Adam Trubee suffered injuries and damages, including but not limited to: a traumatic brain injury with cognitive deficits, post-traumatic stress disorder, adjustment disorder with anxiety, irritability, nausea, dizziness, depression, and insomnia; a superior labrum anterior and posterior rotator cuff tear of the right shoulder requiring steroid injections and surgery, and electrical burns to his bilateral hands; he has incurred, and will continue to incur,

medical and hospital expenses in an effort to care for his injuries; he has suffered, and will in the future suffer, a loss of earnings and earning capacity; and he has suffered, and will in the future suffer, great pain of body and mind; all of which may be permanent in nature.

WHEREFORE, Plaintiff Adam Trubee demands judgment of and against Potomac Electric Power Company, in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), plus pre-judgment interest and costs.

### COUNT II

(Negligent Hiring/Training/Supervision)

Plaintiff repleads and incorporates by reference herein each and every allegation set forth above, and further states as follows:

9. At all relevant times herein, Defendant PEPCO owed a continuing duty to reasonably, carefully, and conscientiously secure the service of qualified and well-trained personnel, and/or to reasonably hire, train, and supervise said personnel to reasonably assure, *inter alia*, that proper instructions are provided by them to construction workers, such as Plaintiff, as to where to safely dig to avoid striking powerlines and/or voltage sites; that dangerous conditions are identified and prevented, such as construction workers coming into contact with powerlines and/or voltage sites; that effective training on the

4

terms of contracts between Defendant PEPCO and contractors is provided regarding inter alia, worksite safety, the duties and responsibilities of PEPCO to ensure and enforce worksite safety, the duties and responsibilities of individuals and other entities to ensure and enforce worksite safety; that effective training is provided regarding PEPCO's Rules to Dig By, PEPCO's safety manual, and PEPCO's contract safety requirements; that effective training is provided regarding the identification of potential hazards and safety risks, including but not limited to those related to faint/incomplete utility markings, lack of utility markings, and the presence of concrete at excavation sites; that effective training is provided regarding eliminating and or reasonably mitigating potential hazards and safety risks; and supervising said personnel to ensure the duties owed, which include those referenced in this paragraph above, are not breached.

10. Defendant PEPCO retained Gregory Leizear to serve as its construction representative for the project at issue, at which Plaintiff was injured, despite Gregory Leizear having no experience performing the duties of a construction representative. PEPCO failed to appropriately train Gregory Leizear on the duties and responsibilities as set forth in paragraph 9. PEPCO failed to appropriately supervise Gregory Leizear in his performance of those duties and responsibilities.

5

11. Defendant PEPCO breached the duties owed to the Plaintiff by, inter alia, failing to responsibly hire, train, and supervise its personnel, such as Gregory Leizear, as set forth above.

12. As a direct and proximate result of the Defendant's aforesaid negligence, Plaintiff, Adam Trubee, was injured as set forth in paragraph 8.

WHEREFORE, Plaintiff Adam Trubee demands judgment of and against Defendant Potomac Electric Power Company, in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), plus pre-judgment interest and costs.

Respectfully submitted,

**CHAIKIN, SHERMAN, CAMMARATA & SIEGEL, P.C.**

/s/Joseph Cammarata
Joseph Cammarata
1232 Seventeenth Street, N.W.
Washington, D.C. 20036
Tel: (202) 659-8600
Fax: (202) 659-8680
joe@dc-law.net
*Attorneys for Plaintiff*

**JURY DEMAND**

Plaintiff hereby requests a trial by jury as to all issues triable herein.

/s/Joseph Cammarata
Joseph Cammarata

6

**CERTIFICATE OF SERVICE**

I hereby certify that on this this 14th day of June, 2019 the foregoing Amended Complaint was efiled and eserved via the Court's ECF system upon:

J. Christopher Nosher, Esq.
Bonner Kiernan Trebach & Crociata LLP
One Park Place
Suite 425
Annapolis, Maryland 21401

/s/Joseph Cammarata
Joseph Cammarata